UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:22-CR-00048-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| MARK ALLEN HANSELMAN, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 23].

## I. BACKGROUND

On June 8, 2022, Defendant pleaded guilty to an Information charging him with one count of possession of a stolen firearm [Doc. 2]. Based on a total offense level of 15 and a criminal history category of VI, Defendant's guideline range was 41 to 51 months [Doc. 8, ¶ 106]. The Court departed upward and sentenced Defendant to 57 months [Docs. 20, 21]. Defendant is currently housed at USP Coleman II with a projected release date of May 1, 2027. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 7, 2025). He now seeks a sentence reduction [Doc. 23].

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). The only statutory authority referenced in support of the instant motion is 18 U.S.C. § 3582(c)(2). Section 3582(c)(2)

1

authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence Pike County, Indiana [Doc. 8, ¶ 60]. If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in a total of 14 criminal history points instead of 15. But Defendant would still be in criminal history category VI and his guideline range would be the same. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 23] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker<br>United States District Judge

2

Case 2:22-cr-00048-DCLC-CRW   Document 26   Filed 03/10/25   Page 2 of 2   PageID #: 220